**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE      )
                                     )
     v.                    )       I.D. No.  1710001043
                                     )
VERNON MONTGOMERY,     )
                                   )
    Defendant.          )

**MEMORANDUM OPINION DENYING DEFENDANT'S RULE 33
MOTION FOR NEW TRIAL FOR TAINTED JURY**

Defendant Vernon Montgomery moves (the "Motion") for a new trial asserting that his Fifth, Sixth and Fourteenth Amendment rights to a fair trial were prejudiced by a juror's purported "improper remarks and improper statements/jokes."  The Court finds that, despite the claims in the Motion, the jury was not tainted and Mr. Montgomery was not prejudiced by any purported jury misconduct.  Therefore, the Motion is **DENIED.**

## I. PROCEDURAL AND FACTUAL BACKGROUND

The State charged Mr. Montgomery with: (i) Robbery First Degree; (ii) Possession of a Firearm during the Commission of a Felony; (iii) Wearing a Disguise; (iv) Possession of a Firearm by a Person Prohibited; and (v) Possession of Ammunition by a Person Prohibited.  Mr. Montgomery is acting as his own attorney.  Mr. Montgomery did not deny that he committed the offenses.  Instead, Mr. Montgomery relied upon the affirmative defense of duress.

After selecting the jury, Alternate Juror #2 delivered a note to the bailiff.  The note provided that one of the jurors, Juror #5, made a statement during the break that "[Mr. Montgomery] is letting all the men go because he is guilty."[1]  The Court read the note in open

---

[1] As written by Alternate Juror #2, the statement is factually incorrect for two reasons.  First, Mr. Montgomery did not use preemptory strikes only as to men.  Second, the jury ended up being diverse as to gender—five males and seven females with two female alternates.

court and discussed it with the State's attorney and Mr. Montgomery.

The Court then conducted an individual *voir dire* with each juror, beginning with Alternate Juror #2. Alternate Juror #2 relayed her information. Juror #5 indicated that he did not hear anyone make a statement regarding Mr. Montgomery's guilt. Juror #3 provided that someone may have something about guilt but was not sure who said it or in what context. Juror #12 believed someone may have said something about guilt in a joking fashion and said that it was hoped that the trial would not last six weeks. Jurors #1, #2, #4, #6, #7, #8, #9, #10, #11 and Alternate Juror #1 said they did not hear anyone mention anything about Mr. Montgomery's guilt or innocence. The Court did replace Juror #4 with Alternate Juror #1 as Juror #4 was suffering from an affliction that caused her to fall asleep during the trial.

The Court questioned each juror as to whether they had formed a conclusion as to the guilt or innocence of Mr. Montgomery. All indicated that they had not. In addition, the Court asked each juror if they would keep an open mind until the conclusion of the presentation of evidence, argument and final instructions. All the jurors indicated that they would. The Court then discussed the matter with Mr. Montgomery and the State's attorney. After this discussion, the Court, exercising its discretion, determined not to release any of the remaining jurors.

The jury returned a verdict, finding Mr. Montgomery guilty on all charges. Mr. Montgomery thereafter filed the Motion. The State filed its State's Response to Defendant's Motion for New Trial Pursuant to Rule 33 (the "Response") on May 3, 2019. The Court has determined that no hearing is necessary after reviewing the Motion and the Response.

## II. STANDARD OF REVIEW

Superior Court Criminal Rule 33 provides that "[t]he court on motion of a defendant may

grant a new trial to that defendant if required in the interest of justice...."[2]  The Court has

discretion to grant a new trial but new trial grounds must have been asserted during the preceding

trial.[3]  Without demonstrated prejudice, a new trial is not warranted.[4]  But where a defendant is

substantially prejudiced such that the right to a fair trial is violated under the Sixth Amendment,

a new trial is warranted.[5]  The right to a fair trial is "a fundamental liberty secured by the

Fourteenth Amendment."[6]  "One accused of a crime is entitled to have his guilt or innocence

determined solely on the basis of the evidence introduced at trial, and not on grounds of official

suspicion, indictment, continued custody, or other circumstances not adduced as proof at trial."[7]2

When investigating whether a courtroom circumstance has prejudiced a jury, "the

question must be not whether jurors actually articulated a consciousness of some prejudicial

effect, but rather whether an unacceptable risk is presented of impermissible factors coming into

play."[8]

### III. CONTENTIONS

#### A. Mr. Montgomery's Contentions

Mr. Montgomery contends that his Fifth, Sixth and Fourteenth Amendment rights to a

fair trial were prejudiced by the purported statements of Juror #5 and others about Mr.

Montgomery's guilt prior to hearing the evidence at trial.  Mr. Montgomery claims the conduct is

egregious and completely undermines the fairness and integrity of the trial proceedings.

#### B. The State's Contentions

The State argues that Mr. Montgomery has failed to meet his burden under Superior

---

[2] Del. Super. Crim. R. 33.
[3] *State v. Ruiz*, 2002 WL 1265533, at *2 (Del. Super. June 4, 2002) (citing *State v. Halko*, 193 A.2d 817 (1963)).
[4] *Starling v. State*, 882 A.2d 747, 755 (Del. 2005).
[5] *State v. Hill*, 2011 WL 2083949, at *6 (Del. Super. Apr. 21, 2011).
[6] *Estelle v. Williams*, 425 U.S. 501, 503 (1976) (citations omitted).
[7] *Taylor v. Kentucky*, 436 U.S. 478, 485 (1978).
[8] *Holbrook v. Flynn*, 475 U.S. 560, 570 (1986) (citations omitted).

3

Court Criminal Rule 33. Specifically, the State contends that Mr. Montgomery cannot show bias because the Court conducted individual *voir dire* of each juror, and that each juror stated that they would remain undecided until after all the evidence had been presented. The State notes that, "at best," the purported statement by Juror #5 (and/or others) was "loose talk."

## IV. DISCUSSION

The grounds upon which a new trial is sought must have been originally raised during trial.[9] The purported conduct of Juror #5 (and/or others) was addressed at length by the Court through the *voir dire* of each juror. Moreover, the Court remediated any potential prejudice. First, the Court inquired regarding each juror's observations individually and queried jurors whether their observations impacted their ability to be fair and impartial. Every juror indicated he or she could remain fair and impartial. The Court instructed each juror individually before resuming the trial. The Court also instructed the jurors throughout trial not to talk about the case among themselves or any third party before the final deliberations. Furthermore, as standard for all jury instructions, the jurors were instructed, that "[i]t is your duty as jurors to determine the facts, and to determine them only from the evidence in this case."

The individual *voir dire* in connection with the purported statements regarding Mr. Montgomery's guilt was entirely thorough. The *voir dire* revealed that none of the jurors had made the statement provided by Alternate Juror #2 in her note to the bailiff or heard that specific statement. A few of the jurors remembered some general statement regarding guilt but could not remember who made the comment or in what context the comment was made. Another juror remembered a comment made about guilt in a joking fashion. No juror testified that the jurors had determined Mr. Montgomery's guilt before the presentation of evidence even began. No

---

[9] *Ruiz*, 2002 WL 1265533, at *2.

4

juror recalled any statement by another juror that had affected the juror's perception of Mr. Montgomery. Each juror told the Court that he or she could remain fair and impartial.

Delaware courts have repeatedly emphasized that curative instructions can relieve any potential resulting prejudice.[10] The Court reminded each juror to keep an open mind until all the evidence had been presented. Moreover, the Court reminded the jury in the Court's standard instructions that verdicts must be determined "only from the evidence."

The jury's dialogue, if true, does not merit a new trial. When investigating improper juror communications, the Delaware Supreme Court has distinguished between improper communications and mere "loose talk."[11] In *Styler v. State,* the Supreme Court reasoned that while an active juror should never make statements about a case in response to a spectator's comment, where the statements constitute mere "loose talk," rather than reflecting improper bias towards the defendant, a new trial is not warranted.[12]

The *Styler* analysis is apt to the juror dialogue in this case. The jurors' "talking amongst each other," as described by Alternate Juror #2, at most, constitutes "loose talk" rather than improper bias. While the jurors' comments—if made—were not proper, they do not demonstrate juror bias. Juror bias is intolerable in our judicial system; however, there are nevertheless sound reasons for limiting retrospective inquiry into judicial verdicts. The Court alleviated the fear that such "loose talk" might reflect juror bias by its individual *voir dire* and each juror's declaration that they could remain fair and impartial.

A new trial is not merited here. Any prejudice to Mr. Montgomery was promptly and

---

[10] *See, e.g., Thompson v. State*, 886 A.2d 1279 (Del. 2005) (the effectiveness of a curative instruction outweighed any potential resulting prejudice from a party's improper remark).
[11] *Styler v. State*, 417 A.2d 948, 953 (Del. 1980) (transcript from trial court indicated that improper bias would be when (i) a member of the venire prejudged the defendant and purposefully got on the jury to see that the defendant was found guilty, or (ii) a selected juror, prior to the conclusion of the trial, expressed a firm conclusion that the defendant was guilty regardless of anything).
[12] *Id.*

thoroughly investigated. The Court's inquiry revealed it did not impact juror impartiality and did not contravene Mr. Montgomery's right to a fair trial. The jurors' conduct did not create an "unacceptable risk" that impermissible factors were within the jury's consideration and does not compel the granting of a new trial in the interest of justice.[13]

## V. CONCLUSION

Therefore, Mr. Montgomery's Rule 33 Motion for New Trial for Tainted Jury is

**DENIED.**

**IT IS SO ORDERED**.

Dated: May 22, 2019
Wilmington, Delaware

*/s/ Eric M. Davis*
Eric M. Davis, Judge

cc:     Vernon Montgomery (SBI 00865718)
        Timothy Maguire, Esq., DAG

---

[13] *See Holbrook v. Flynn*, 475 U.S. 560, 570 (1986).